IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>Respondent. | Cause No. CV 19-54-M-DLC<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

On April 1, 2019, the Court received from Petitioner Godfrey a document purporting to be a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. 1) at 1. As Godfrey is a prisoner, the filing date of the document is March 25, 2019. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The petition crossed in the mail with the Court's order rejecting virtually identical arguments. *See* Order (Doc. 13), *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (Do. Mont. Mar. 26, 2019).

Godfrey is continuing to serve a sentence imposed in 2000 in Ravalli County. In 2013, the Montana Supreme Court ordered that Godfrey be resentenced, and the trial court imposed substantially the same sentence originally imposed, consisting of a 60-year term with 30 of those years suspended. *See* Pet. (Doc. 1) at 1; CON Network, https://app.mt.gov/conweb (accessed Apr. 1, 2019).

1

In 2014, Godfrey filed a federal habeas petition, claiming his resentencing constituted double jeopardy and arguing that, properly understood, his sentence expired in 2010. The petition and a certificate of appealability were denied. *See, e.g.*, Findings and Recommendation (Doc. 3); Order (Doc. 7), *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. filed Jan. 27, 2014). The Court of Appeals denied a certificate of appealability on August 8, 2014. *See* 9th Cir. Order (Doc. 11), *Godfrey v. Kirkegard*, No. 14-35405.

Shortly thereafter, Godfrey filed two more petitions, each challenging the 2013 Ravalli County judgment. Those petitions were dismissed as unauthorized second or successive applications for habeas relief under 28 U.S.C. § 2254. *See* Order (Doc. 7), *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014) (habeas petition alleging new claim); Order (Doc. 2), *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014) (petition for writ of error coram nobis).

Once again, Godfrey petitions this Court, on this occasion under § 2241, claiming that his state sentence expired in 2010. What is different from his earlier petitions is the legal consequence he draws from this assertion. He claims both that this Court's denial of his first federal habeas petition was "an impermiss[i]ble advisory opinion" and that the state court case, No. DC 99-114, "was moot as of Oct. 22nd 2010."

2

Assuming, for the moment, that a petition under 28 U.S.C. § 2241 is available to Godfrey, he is not entitled to relief. Had the Montana Supreme Court, this Court, or the Ninth Circuit Court of Appeals accepted Godfrey's central assertion that his sentence expired in 2010, he would not now be in custody. But every court has rejected his assertion. *See, e.g.*, Order at 1, *Godfrey v. Kirkegard*, No. OP 14-0306 (Mont. June 3, 2014) (noting and rejecting Godfrey's argument "that he has completed serving the 'legal portion' of the original persistent felony offender sentence of ten years."); Order (Doc. 7) at 2 (noting and rejecting Godfrey's claim that he was resentenced "after he allegedly discharged that sentence"), *Godfrey*, No. CV 14-27-M (D. Mont. May 2, 2014); Order (Doc. 5), *Godfrey v. Kirkegard*, No. 14-35405 (9th Cir. Aug. 8, 2014) (denying pending motions for counsel, coram nobis relief, and amendment to coram nobis claim as moot for lack of substantial showing of violation of constitutional right).

Because this Court has already rejected the argument, however, it lacks jurisdiction over Godfrey's current reassertion of it—not due to mootness but due to the controlling statute. Godfrey cannot escape the stringent restriction on second or successive petitions under 28 U.S.C. § 2254 simply by writing "28 U.S.C. § 2241" at the top of the page. Federal courts' "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment

3

of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (quoting 28 U.S.C. § 2254(a)). In *Felker*, the United States Supreme Court determined that § 2244(b)(1) and (2) does not unconstitutionally suspend the writ of habeas corpus. *See id.* at 664. That being so, Godfrey can make no argument that he should be permitted to proceed in this Court without satisfying the preconditions of § 2244(b)(3). *See, e.g., White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2010).[1] Godfrey is in custody pursuant to the judgment of a State court, but he failed to obtain authorization from the Court of Appeals before filing his successive habeas petition in this Court. His § 2241 petition must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Godfrey does not make a substantial showing that he was deprived of a constitutional right. Even if he did, reasonable jurists would find no basis to debate either the necessity of his proceeding under § 2254 or the finding that his petition is an unauthorized second or successive petition. *See* 28 U.S.C. § 2253(c)(1)(A), (2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). A certificate of appealability is not warranted.

---

[1] The portion of *White* holding that the prisoner need not obtain a certificate of appealability, *see White*, 370 F.3d at 1010–13, was reversed by *Hayward v. Marshall*, 603 F.3d 546, 552–55 (9th Cir. 2010) (en banc). The portion of *Hayward* holding that a state parolee may challenge the denial of parole in federal habeas was abrogated by the Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. 216, 219–22 (2011). But the portion of *White* cited here remains the law in the Ninth Circuit, and the portion of *Hayward* holding that a COA is required for appeal also remains the law in the Ninth Circuit.

4

Accordingly, IT IS ORDERED:

1. Godfrey's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is RECHARACTERIZED as a petition under 28 U.S.C. § 2254 and DISMISSED for lack of jurisdiction as an unauthorized second or successive application.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall enter by separate document a judgment of dismissal.

DATED this 11th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court